IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JUDITH FINCH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| BANK OF AMERICA, N.A. as Servicer : | |
| for The Bank of New York Mellon : | |
| f/k/a The Bank of New York, as : | No. 3:12-CV-14 (CAR) |
| Trustee for the Certificateholders of : | |
| CWABS Inc., asset-backed certificates : | |
| series 2006-3, JOHN DOES 1-10, : | |
| : | |
| Defendants. : | |
| _____ : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss [Doc. 3] Plaintiff's Complaint in its entirety.  Plaintiff's Response and Defendant's Reply have been timely filed, and the Motion is now ripe for consideration.  Having considered the matter and relevant case law, Defendant's Motion to Dismiss [Doc. 3] is **GRANTED**.

### Applicable Standard

1

On a motion to dismiss, the Court must accept the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff.  SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. "  Ashcroft v. Iqbal, 556 U.S. 662, ––––, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, (2007)).  "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown'—that the pleader is entitled to relief." Id. at 1950.  A complaint must contain enough facts to indicate the presence of the required elements.  Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007).  However, "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## Background

2

The subject of the instant litigation is Defendant's denial of Plaintiff's application for a home loan modification request, pursuant to the Home Affordable Modification Program ("HAMP"). The relevant facts are as follows.

Plaintiff originally executed a mortgage for her property in November 2004, and subsequently refinanced the loan in favor of Countrywide Home Loans, Inc., in January 2006.[1] Subsequently, Plaintiff experienced financial hardship and presumably failed to pay her loan. After receiving a notice of foreclosure on December 3, 2011, Plaintiff applied for a HAMP modification. On December 20, 2011, Defendant denied Plaintiff's modification request. Plaintiff's foreclosure sale date was set for January 3, 2012.

On December 29, 2011, Plaintiff filed a complaint against Defendant in the Superior Court of Greene County, Georgia, alleging seven causes of action: (1) third-party beneficiary breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) wrongful attempted foreclosure; (4) negligent implementation of HAMP; (5) violation of the Fair Business Practices Act of 1975; (6) slander of credit; and (7) infliction of emotional distress. On January 30, 2012, Defendant timely removed the action to this Court.

---

[1] In 2008, Countrywide Home Loans, Inc. was purchased by Defendant.

Discussion

Plaintiff's claims against Defendant all arise from Plaintiff's contention that she is a third-party beneficiary under HAMP and is entitled to a HAMP loan modification. In its Motion, Defendant argues that Plaintiff's claims fail as a matter of law because (1) she is not a third-party beneficiary under HAMP, and (2) Plaintiff cannot assert a private cause of action under HAMP. The Court agrees.

To begin, in order to assert a third-party beneficiary breach of contract claim, Plaintiff must first be an intended third-party beneficiary to the Servicer Participation Agreement ("Agreement") between Defendant and the federal government. See e.g. Danjor, Inc. v. Corp. Constr., Inc., 272 Ga. App. 695, 697 (2005) (holding that a third-party beneficiary only has standing when the contract is clearly intended for his benefit).

In her response, Plaintiff, citing Astra USA, Inc. v. Santa Clara County, 131 S. Ct. 1342 (2011), argues that her third-party beneficiary rights must exist because the Agreement did not provide a method of relief in the Administrative Procedures Act. However, in Astra, the Court focused on the contract itself and whether there was any Congressional intent to authorize third-party beneficiary rights, not on whether the

4

contract provided an alternate method of relief.  Id. at 1348, n.4 ("We can infer no [third-party beneficiary] authorization where a contract simply incorporates statutorily required terms and otherwise fails to demonstrate any intent to allow beneficiaries to en-force those terms.").

In this case, however, Plaintiff has failed to identify any express contractual provision creating an actionable third-party beneficiary right.  Moreover, a third-party beneficiary status of a mortgagor within the Agreement has not been recognized by any court in the Eleventh Circuit.  See Warren v. Bank of Am., No. 4:11-cv-70, 2011 WL 2116407, at *2-3 (S.D. Ga. May 24, 2011) (holding that "HAMP agreements do not disclose any clear intent to make all mortgagors intended beneficiaries"); Hall v. Wells Fargo Bank, N.A., No. 7:11-cv-63 (HL), 2011 WL 4345190, at *2 (M.D. Ga. Sept. 15, 2011) (noting that there were no express contract provisions under HAMP that created third-party beneficiary right of action); Kabir v. Statebridge Co., LLC, No. 7:11-cv-2747-WSD, 2011 WL 4500050, at *8 n.11 (N.D. Ga. Sept. 27, 2011) (holding that HAMP does not vest "mortgagors with third party beneficiary rights to enforce HAMP agreements under Georgia law").  Based on the facts of the instant case, the Court agrees with its sister courts that there is no evidence of Congressional intent to

5

authorize third-party beneficiary suits in the Agreement. Accordingly, Count I of Plaintiff's Complaint is **DISMISSED**.

Plaintiff's remaining claims (Counts 2-7), also brought because of Defendant's denial of Plaintiff's HAMP modification, are similarly precluded. The Eleventh Circuit has explicitly held "that nothing express or implied in HAMP gives borrowers a private right to action." Nelson v. Bank of Am., N.A., 446 F. App'x 158, 159 (11th Cir. 2011); see Hall, 2011 WL 4341590, at *2 (holding that HAMP provides neither an express nor implied private cause of action). Here, Plaintiff's remaining claims are based on Defendant's denial of her HAMP application and the alleged injuries that she sustained as a result. These claims, however, fail as a matter of law because there are no private causes of action under HAMP. Accordingly, the Court finds that Plaintiff, as a borrower, cannot assert private claims against Defendant under HAMP, and thus, Counts 2-7 of Plaintiff's Complaint are **DISMISSED.**

Based on the foregoing, Defendant's Motion to Dismiss [Doc. 3] is **GRANTED**. The instant against Defendant is therefore **DISMISSED** in its entirety.[2]

**SO ORDERED,** this 9th day of April, 2012.

---

[2] Plaintiff also named "John Does 1-10" as Defendants in her Complaint. However, in light of the Court's instant ruling that third-party beneficiary actions and private causes of actions under HAMP fail as a matter of law, Plaintiff's action against "John Does 1-10" also must fail as a matter of law. Plaintiff's claims against "John Does 1-10" are therefore **DISMISSED**.

          <u>S/  C. Ashley Royal</u>
          C. ASHLEY ROYAL
          UNITED STATES DISTRICT JUDGE

LMH